UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN W. BENNETT, JR, et al.,

    Plaintiffs,

v.                                                Case No. 5:18-cv-278-RH/MJF

DEPARTMENT OF CHILDREN &
FAMILIES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiffs' failure to respond to the order to show cause issued by the undersigned on May 1, 2019. (Doc. 10). The undersigned recommends that this action be dismissed without prejudice for failure to comply with court orders and failure to prosecute.[1]

**I.   Background**

Plaintiffs, proceeding *pro se*, filed this action on December 21, 2018, pursuant to 42 U.S.C. § 1983. The gravamen of the complaint is that employees of the State of Florida or a Florida municipality took custody of the child of Plaintiff Jessie L.

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Cox. The child's initials are "GCU." John W. Bennett, Jr., is also a Plaintiff in this case, but he is not related to GCU, is not GCU's guardian, and never had custody of GCU.

On January 4, 2019, this court issued an order that identified numerous deficiencies and instructed the Plaintiffs to file an amended complaint and motion to proceed *in forma pauperis*. The deficiencies included (1) violations of Rule 5.2 of the Federal Rules of Civil Procedure insofar as the complaint contained the full name of a minor and personal identifying information, including social security numbers and dates of birth; (2) a violation of Local Rule 5.1(E) and Fed. R. Civ. P. 11(a) insofar as Plaintiff Jessie L. Cox did not sign the complaint and it is unclear whether she even knows that this lawsuit was initiated on her behalf; (3) a violation of Local Rule 5.7(B), insofar as the complaint was 128 pages in length and was composed of mostly irrelevant attachments, which exceeded the 25-page limit. The undersigned gave the Plaintiffs thirty days to either file an amended complaint or a notice of voluntary dismissal and to file a properly completed motion to proceed *in forma pauperis*. Plaintiffs were warned that failure to comply with the undersigned's order likely would result in dismissal of this action. (*id.* at 11).

On March 4, 2019, Plaintiffs filed an amended complaint and motion to proceed *in forma pauperis*. (Docs. 7, 8). The amended complaint and motion to proceed *in forma pauperis* contained the same deficiencies noted in the

undersigned's order issued on January 4, 2019. (Doc. 7). On March 22, 2019, therefore, the undersigned issued another order noting the numerous deficiencies with the complaint and instructing the Plaintiffs to correct these deficiencies by April 22, 2019. (Doc. 9). The undersigned warned the Plaintiffs that failure to comply with that order likely would result in dismissal of this action. (*id.* at 10). Plaintiffs failed to file an amended complaint by the April 22 deadline.

On May 1, 2019, the undersigned ordered Plaintiffs to show cause why this action should not be dismissed for, among other things, failure to comply with an order of the court, and failure to prosecute. (Doc. 10). This court warned Plaintiffs: failure to comply with the court's order likely would result in dismissal of this action. (Doc. 10). Plaintiffs never responded to the order to show cause. Further, Plaintiffs never filed a properly completed motion to proceed *in forma pauperis*, never paid the filing fee, and never filed a properly amended complaint.

## II.   Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240

(11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of the Plaintiff's failure to comply.** On January 4, 2019, this court gave the Plaintiff's thirty days to file an amended complaint that corrected the deficiencies noted in the undersigned's order. (Doc. 5). On March 4, 2019, Plaintiffs filed an amended complaint that failed to correct the deficiencies identified in the undersigned's order of January 4. (Doc. 7). On March 22, 2019, therefore, the undersigned issued a second order to amend the complaint. (Doc. 9). The undersigned gave the Plaintiff's thirty days to file a second amended complaint that corrected the deficiencies noted in the undersigned's order of January 4. (Doc. 10).

To date, Plaintiffs still has not complied with that order. On May 1, 2019, the undersigned ordered Plaintiffs to show cause within thirty days why this action should not be dismissed. Plaintiffs also have not complied with that order.

**(2) The Plaintiff's failure to comply with multiple orders.** The Plaintiff has failed to comply with three orders:

    a.    the undersigned's order of January 4, 2019;

    b.    the undersigned's order of March 22, 2019; and

    c.    the undersigned's order of May 1, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** On three occasions, the undersigned specifically warned Plaintiffs that failure to comply with the undersigned's orders likely would result in dismissal of this action. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these repeated warnings, Plaintiffs have not responded and have not complied with the orders to amend their complaint and correct the noted deficiencies.

**(4) The Plaintiffs are not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiffs may elect to refile their claims should they choose to pursue them in the future.

**(5) The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** The Plaintiffs have been afforded an opportunity to be heard and have received due process. The court's need to dispose of cases that are not being actively prosecuted outweighs other interests.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiffs have refused to comply with three court orders. Those orders are designed to facilitate disposition of cases on their merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiffs' past conduct suggests that they likely would ignore any further orders to comply.

These and other factors indicate that dismissal without prejudice is warranted in this case.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for failure to comply with multiple court orders and for failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 3rd day of June 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.